REED SMITH LLP
Gary J. Ruckelshaus, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: 609-987-0050
Fax: 609-951-0824
gruckelshaus@reedsmith.com
*Attorneys for Fidelity National Information Services, Inc. and Chex Systems, Inc.*

| | |
|---|---|
| MICROBILT CORPORATION,<br><br>              Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC. and CHEX SYSTEMS, INC.<br><br>              Defendants. | Docket No.: 3:12-cv-3861-JAP-TJB |
| CHEX SYSTEMS, INC.<br><br>              Appellant,<br><br>v.<br><br>MICROBILT CORPORATION,<br><br>              Appellee. | Docket No. 3:12-cv-4132-MAS |
| MICROBILT CORPORATION and CL VERIFY, LLC,<br><br>              Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC., CHEX SYSTEMS, INC., and CERTEGY LTD<br><br>              Defendants. | Docket No. 3:12-cv-4606-FLW-DEA |

**FIDELITY NATIONAL INFORMATION SERVICES, INC. and CHEX SYSTEMS, INC.'s MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR CONSOLIDATION FILED BY MICROBILT CORPORATION and CL VERIFY, LLC's**

Fidelity National Information Services, Inc. ("FNIS") and Chex Systems, Inc. ("Chex", together with FNIS, "FNIS/Chex"), by and through their undersigned counsel, file this Response in opposition to MicroBilt Corporation ("MicroBilt") and CL Verify LLC's ("CL Verify" and

together with MicroBilt, "MicroBilt/CL Verify") Memorandum of Law In Support of Their Motion for Consolidation ("Motion to Consolidate") and respectfully state as follows:

## PRELIMINARY STATEMENT

MicroBilt prematurely seeks to consolidate three cases in this District Court that involve different parties, different issues and different causes of actions: one appeal from a Bankruptcy Court ruling, two adversary proceeding actions against FNIS, Chex, and (in one case) against a third party (Certegy Ltd.), for which the Defendants seek to remove the reference. FNIS/Chex did not consent to MicroBilt's Motion to Consolidate because it is premature pending the applications to remove the references of the adversary proceedings to the Bankruptcy Court (which MicroBilt/CL Verify have opposed), and because there is insufficient commonality among these actions to warrant consolidation. For these reasons, the Motion to Consolidate should be denied.

## SUMMARY OF RELEVANT FACTS AND PROCEDURAL HISTORY

FNIS/Chex has moved the Court under two separate docket numbers to withdraw the reference of two separate adversary proceedings to the Bankruptcy Court (which MicroBilt/CL Verify have opposed). These two adversary proceedings, separately brought by MicroBilt, are currently docketed in the Bankruptcy Court and associated with MicroBilt's bankruptcy filing in the District of New Jersey, No. 11-18143 ("Bankruptcy Action"): No. 11-2488 (MicroBilt Corporation v. Fidelity National Information Services, Inc. and Chex Systems, Inc.) ("Adversary Proceeding #1") and No. 12-1167 (MicroBilt Corporation and CL Verify LLC v. Fidelity

National Information Service, Inc., Chex Systems, Inc. and Certegy, Ltd.) ("<u>Adversary Proceeding #2</u>")[1].

The complaint filed in Adversary Proceeding #1 alleges state law claims of tortious interference, trade libel and disparagement, which primary rely upon MicroBilt's allegation that FNIS and Chex allegedly accused MicroBilt of "data caching." *See* First Amended Complaint, Adversary Proceeding #1. MicroBilt further alleges that, as a result of this "data caching" accusation, FNIS and Chex defamed MicroBilt's name and reputation in the industry along with tortiously interfering with existing and potential customers and the potential third party investment, and involvement, in MicroBilt's business by Wink Price. *See id.* The claims asserted in the First Amended Complaint in Adversary Proceeding #1 have <u>nothing</u> to do with any contractual relations between the parties, including either the Data Reseller Agreement (the "<u>DRA</u>") or the Independent Sales Organization Agreement (the "<u>ISOA</u>"). *See id.* FNIS/Chex's Motion for withdrawal of the reference relating to Adversary Proceeding #1 has been assigned to the Honorable Joel A. Pisano. *See* 3:12-cv-3861 Docket.

Adversary Proceeding #2, brought by MicroBilt and CL Verify, alleges state law tortious interference claims against FNIS, Chex, and a British company, Certegy UK Ltd. ("<u>Certegy</u>"), that the Defendants caused Certegy to stop providing support under the DRA and the ISOA between Certegy and CL Verify in the United Kingdom. *See* First Amended Complaint, Adversary Proceeding #2. In addition, MicroBilt and CL Verify claim that Defendants' alleged wrongful conduct constitutes a violation of the automatic stay. *See id.* The claims asserted in

---

[1] Despite claiming that consolidation would "promote judicial economy", MicroBilt filed separate complaints – commencing separate cases – and now has apparently elected to exclude from this Consolidation Motion yet a third Adversary Proceeding brought by MicroBilt against Chex and other parties, including Gunster, Yoakley & Stewart, P.A. and David M. Wells, under Docket No. 12-cv-2902. This Adversary Proceeding has also been assigned to Judge Pisano and it also involves different state law claims asserted against different parties, and different counsel for MicroBilt.

the First Amended Complaint in Adversary Proceeding #2 have <u>nothing</u> to do with any allegations of "data caching." *See id.* Although the tortious interference claims in both Adversary Proceedings are creatively drafted to appear similarly worded, they concern different parties and different underlying activities and transactions. *See id.* The Motion for Withdrawal of the Reference relating to Adversary Proceeding #2 has been assigned to the Honorable Freda L. Wolfson. <u>See</u> 3:12-cv-4606 Docket.

Also pending in this Court is an appeal by Chex of a decision arising out of the Bankruptcy Action, which has been recently reassigned to the Honorable Michael A. Shipp (the "<u>Appeal</u>"). <u>See</u> 3:12-cv-4132, Docket No. 11. The Appeal concerns an "extemporized" order (the "<u>Order</u>") relating to the potential assumption under 11 U.S.C. § 365(b) of an Information Resale Agreement, dated as of August 26, 2009 (as amended by the Amendment effective as of January 8, 2010) between Chex and MicroBilt. <u>See</u> 3:12-cv-4132, Docket No. 11. The Appeal contains six discrete legal issues concerning the Order, none of which directly relate to any of the issues raised in either of the Adversary Proceedings. In fact, the issues involved with the Appeal have <u>nothing</u> to do with either allegations of "data caching" or the DRA or the ISOA.

**LEGAL ARGUMENT**

A. **MICROBILT FAILED TO ESTABLISH SUFFICIENT GROUNDS TO CONSOLIDATE THESE ACTIONS.**

This Court has clearly held that the moving party bears the burden on a motion to consolidate actions. *In re Consolidated Parlodel Litig.,* 182 F.R.D. 441, 444 (D.N.J. 1998) ("the decision to consolidate rests in the sound discretion of the district court."). Pursuant to Rule 42(a), a District Court may consolidate separately-filed actions in its discretion "[w]hen actions involving a common question of law or fact are pending before the court" and "may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R.

Civ. P. 42(a).  "A common question of law or fact shared by all of the cases is a prerequisite for consolidation." *In re Consolidated Parlodel Litig.,* 182 F.R.D. at 444.  "In exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'" *Id.* (citing *Easton & Co. v. Mutual Benefit Life Ins. Co.,* 1992 WL 448794, at *4 (D.N.J. Nov. 4, 1992)).

Here, none of the three actions that MicroBilt/CL Verify seek to consolidate arise out of the same transaction or involve the same questions of law or fact.  The two Adversary Proceedings were filed as separate lawsuits by MicroBilt (and CL Verify) against different parties, and, although MicroBilt/CL Verify generally assert tortious interference claims, among others, the claims in the two Adversary Proceedings arise out of wholly different transactions and occurrences.[2]  As set forth above, the First Amended Complaint in Adversary Proceeding #1 generally arise from MicroBilt's allegation that FNIS and Chex allegedly accused MicroBilt of "data caching" – which is neither asserted, nor relied upon, in Adversary Proceeding #2.  *Compare* First Amended Complaint, Adversary Proceeding #1 *with* First Amended Complaint, Adversary Proceeding #2.  Similarly, the First Amended Complaint in Adversary Proceeding #2 generally arise from MicroBilt's allegation that FNIS and Chex caused Certegy to stop providing support under a two contractual agreements – which again are neither asserted, nor relied upon, in Adversary Proceeding #1.  *See id.*  Thus, the claims asserted in each of the Adversary Proceedings quite simply do not "arise out of the same transaction or involve the same questions of law or fact", and on the contrary, these claims could not be more factually and legally distinct.

---

[2]   Contrary to MicroBilt's suggestion, neither FNIS nor Chex has ever conceded that any of claims across the two Adversary Proceedings were identical. (*See* Moving Br. [Docket No. 5-1] at 10).  Rather, in moving to dismiss vaguely asserted tortious interference claims asserted by MicroBilt in Adversary Proceeding #2, FNIS/Chex argued that the Court had previously dismissed without prejudice similarly vaguely pleaded claims of tortious inference in Adversary Proceeding #1, which failed to meet the factual pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (200).

The Appeal, wholly different from either of the Adversary Proceedings, involves issues of law concerning an Assumption Order in the underlying bankruptcy case, none of which relate to any of the tortious interference claims, or other state law claims, alleged by MicroBilt/CL Verify in the Adversary Proceedings. *Compare* Appeal *with* the First Amended Complaint, Adversary Proceeding #1 *and* the First Amended Complaint, Adversary Proceeding #2. Therefore, MicroBilt/CL Verify cannot satisfy their burden to establish that any issue of fact and law is common across the three cases such that there are any grounds for their consolidation. As a result, this consolidation motion must be denied.

**B.   EVEN IF MICROBILT COULD ESTABLISH SUFFICIENT GROUNDS, THE MOTION FOR CONSOLIDATION IS PREMATURE.**

Before the Court may rule on the Motion to Consolidate, FNIS/Chex's two Motions to Withdraw the Reference must be decided, in order to establish whether jurisdiction over these issues rests with this Court or with the Bankruptcy Court. The District Court has original, *but not exclusive*, jurisdiction over all bankruptcy proceedings. *See* 28 U.S.C. § 1334(b). The Bankruptcy Court exercises such jurisdiction under a standing order of reference, as provided by 28 U.S.C. § 157(a). Until each of the pending Motions to Withdraw the Reference is decided, the Bankruptcy Court retains its jurisdiction over the claims asserted in the Adversary Proceedings. Thus, MicroBilt/CL Verify's attempt to consolidate the three dockets with this District Court is premature and should be denied without prejudice pending the decisions on the Motions to Withdraw the Reference (each of which MicroBilt/CL Verify opposes).

Further, although MicroBilt/CL Verify assert that Certegy has now been served with the Amended Complaint in Adversary Proceeding #2, Certegy has not yet answered and is not a party to the Motion to Withdraw Reference concerning Adversary Proceeding #2. Nonetheless,

for this additional reason, MicroBilt/CL Verify's attempt to consolidate the three dockets with this District Court is premature and should be denied at this time.

## CONCLUSION

For the foregoing reasons, Fidelity National Information Services, Inc. and Chex Systems, Inc. respectfully request that the Court deny the Motion to Consolidate.

Respectfully submitted,

Dated: August 6, 2012    By: */s/ Gary J. Ruckelshaus*
　　　　　　　　　　　　　　　　Gary Ruckelshaus
　　　　　　　　　　　　　　　　REED SMITH LLP
　　　　　　　　　　　　　　　　Princeton Forrestal Village
　　　　　　　　　　　　　　　　136 Main Street, Suite 250
　　　　　　　　　　　　　　　　Princeton, New Jersey 08540
　　　　　　　　　　　　　　　　Telephone: 609-987-0050
　　　　　　　　　　　　　　　　Fax: 609-951-0824
　　　　　　　　　　　　　　　　gruckelshaus@reedsmith.com

*Attorneys for Fidelity Information Services, Inc. and Chex Systems, Inc.*