# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICROBILT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC. and CHEX SYSTEMS, INC.<br><br>    Defendants. | Docket No. 3:12-cv-3861-JAP-TJB[1]<br><br>[Motion to Withdraw the Reference of Adversary Proceeding No. 11-2488 to the Bankruptcy Court] |
| CHEX SYSTEMS, INC.,<br><br>    Appellant,<br><br>v.<br><br>MICROBILT CORPORATION,<br><br>    Appellee. | Docket No. 3:12-cv-4132-MAS<br><br>[Appeal of an Order Dated May 17, 2012 Entered by the Honorable Michael B. Kaplan, U.S.B.J. in the United States Bankruptcy Court for the District of New Jersey] |
| MICROBILT CORPORATION and CL VERIFY, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC., CHEX SYSTEMS, INC., AND CERTEGY LTD.<br><br>    Defendants. | Docket No. 3:12-cv-4606-FLW-DEA<br><br>[Motion to Withdraw the Reference of Adversary Proceeding No. 12-1167 to the Bankruptcy Court] |

**MICROBILT CORPORATION AND CL VERIFY, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR CONSOLIDATION**

*(continued on next page)*

---

[1] Pursuant to Local Rule 42.1, the instant Motion was filed under Docket No. 3:12-cv-3861-JAP-TJB.

Bruce S. Luckman
Michael Dube
SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744

*Attorneys for MicroBilt Corporation
and CL Verify, LLC*

**INTRODUCTION**

MicroBilt Corporation ("MicroBilt") and CL Verify, LLC ("CL Verify") (collectively, "Moving Parties"), by and through their counsel, Bruce S. Luckman and Michael Dube of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., respectfully submit this reply memorandum of law in further support of their motion for consolidation ("Motion"). As demonstrated below, the opposition brief filed on behalf of Fidelity National Information Services, Inc. ("FIS") and Chex Systems, Inc. ("Chex") (collectively, "FIS/Chex") utterly fails to refute the Moving Parties' arguments in support of consolidation. The Motion should be granted.

**LEGAL ARGUMENT**

1. **At this Juncture, Three Related Cases are Pending in this Court Before Three Separate Judges**

At this juncture, three indisputably related cases are separately pending in this Court before three separate judges of this Court. Specifically, (1) FIS/Chex' motions to withdraw the reference (collectively, "Motions to Withdraw the Reference") of the adversary proceedings currently docketed in the Bankruptcy Court at No. 11-2488 ("First Adversary Proceeding") and No. 12-1167 ("Second Adversary Proceeding") (collectively, "Adversary Proceedings") are pending before this Court at Nos. 3:12-cv-3861-JAP-TJB (Judge Pisano) and 3:12-cv-4606-FLW-DEA (Judge Wolfson); and (2) Chex' appeal of Judge Kaplan's May 17, 2012 Order ("Appeal") is pending before this Court at No. 3:12-cv-4132-MAS (Judge Shipp).[2]

---

[2] In their opposition papers, FIS/Chex continue to wrongly criticize the Bankruptcy Court for issuing an oral opinion. Despite the aspersions that FIS/Chex try to cast, the Bankruptcy Court's choice to issue an oral opinion rather than a written one was based upon the parties' mutual desire for an expeditious resolution of the Assumption Motions. Indeed, at the outset of the hearing on the Assumption Motions, Judge Kaplan correctly noted as follows (emphasis added): "I think both sides view an [expedited] determination of this motion to be critical, both from the debtor's perspective <u>and from Chex' perspective</u>."

    **2.**    <u>**The Motions to Withdraw the Reference Indisputably Involve the Same Exact Question of Law, and the Absence of Consolidation Puts all Parties at Risk of Inconsistent Decisions**</u>

The Motions to Withdraw the Reference, which the Moving Parties seek to consolidate, both involve the *same exact question of law*: should the District Court withdraw the reference of adversary proceedings presently before the Bankruptcy Court?  In the memoranda of law that FIS/Chex submitted in support of their Motions to Withdraw the Reference, they assert that withdrawing the reference will "foster[] the economical use of the resources of the District Court, Bankruptcy Court, and parties and promote[] judicial economy by eliminating duplicative litigation."[3] Yet, within FIS/Chex' opposition to the instant Motion, they unabashedly endorse having one judge (Judge Pisano) decide whether to withdraw the reference of the First Adversary Proceeding and another judge (Judge Wolfson) decide whether to withdraw the reference of the Second Adversary Proceeding while, as discussed in further detail below, a third judge (Judge Shipp) decides the interrelated Appeal.  So eager are FIS/Chex to contradict that they are contradicting their own position on the Motions to Withdraw the Reference.

Further, in contending that it is "premature" to determine whether Docket Nos. 3:12-cv-3861-JAP-TJB and 3:12-cv-4606-FLW-DEA should be consolidated, FIS/Chex are presumptuously presupposing that the Motions to Withdraw the Reference will be granted.  For the reasons set forth in the memoranda of law filed on behalf of MicroBilt and CL Verify, there are compelling reasons to deny the Motions to Withdraw the Reference, including Judge Kaplan's close familiarity with the facts and legal issues at hand.  If this Court agrees and denies

---

[3] <u>See</u> "Memorandum of Law in Support of Motion of Defendants Fidelity National Information Services, Inc. and Chex Systems, Inc. to Withdraw the Reference of the United States District Court for the District of New Jersey to the United States Bankruptcy Court for the District of New Jersey Pursuant to 28 U.S.C. § 157(D), Fed. R. Bankr. P. 5011, and D.N.J. LBR 5011-1" (excepts) (highlighting added), a true and correct copy of which is attached to this memorandum as **Exhibit "A."**

-2-

the Motions to Withdraw the Reference, then the cases in question (Nos. 3:12-cv-3861-JAP-TJB and 3:12-cv-4606-FLW-DEA) will be closed or stayed.  Consolidation at the motion-to-withdraw-the-reference stage is hardly "premature."[4]

In their opposition brief, FIS/Chex cite the correct inquiries governing consolidation (e.g., are there common questions of law and fact, and would consolidation reduce delay, expense, confusion, or prejudice) but ignore their obvious application here: common questions predominate, and consolidation would indeed reduce delay, expense, confusion, and prejudice.  In the absence of consolidation, there is a risk of inconsistent decisions on the legal question of whether the reference should be withdrawn.  Perhaps, for example, one jurist (in the exercise of his or her discretion) will feel that withdrawing the reference is appropriate, and another (in the exercise of his or her discretion) will feel that withdrawing the reference is inappropriate.  Were this to occur, incredible "delay, expense, confusion, or prejudice" would occur, and not only for the Moving Parties.  Thus, the position advanced by FIS/Chex in their opposition defies common sense and appears to be contrary simply for the sake of being contrary.

Similarly, as described in detail in the Moving Parties' opening memorandum, the actual Adversary Proceedings forming the subject of the Motions to Withdraw the Reference overlap in significant ways.  This Court need not take the Moving Parties' word alone – FIS/Chex agree.  In FIS/Chex' motion to dismiss the Second Adversary Proceeding, they made the following representation to the Bankruptcy Court regarding the relationship between the two proceedings:

---

[4] Accord In re Blinder Robinson & Co., Inc., 135 B.R. 892, 894 (D. Colo. 1991) (emphasis added) ("On October 30, 1991, the bankruptcy court entered an order denying Mrs. Blinder and the Redmey Management Company's demand for a jury trial and transmitting their related motions to withdraw the reference to the district court.  Those motions to withdraw the reference became Civil Action Nos. 91-K-1921 and 91-K-1922.  They were consolidated with Civil Action No. 91-K-1622 on November 27, 1991.").

"As the Court is undoubtedly aware, on November 28, 2011, FIS and Chex filed a motion to dismiss in connection with virtually identical tortious interference claims asserted by these Plaintiffs, <u>based on a substantially similar set of operative facts</u>, in a different Adversary Complaint filed in this Bankruptcy Case."[5]

In a footnote in their opposition papers, FIS/Chex now contend that, in making the foregoing statement, they were merely stating that "the [Bankruptcy] Court had previously dismissed without prejudice similar vaguely pleaded claims of tortious interference in [the First] Adversary Proceeding … ."  We respectfully submit that this statement defies credibility. Indeed, FIS/Chex makes no serious effort to address their prior (and correct) assertion that the two Adversary Proceedings are "based on a substantially similar set of operative facts."

### 3. The Motions to Withdraw the Reference and Appeal are Related, and Recent Events Make this Even More So

Similarly, in their opposition brief, FIS/Chex make no serious effort to refute the contention that the Motions to Withdraw the Reference and Appeal are related.  Further, given recent events, it is clearer than ever that the Appeal and the Adversary Proceedings are indeed interrelated.  On August 6, 2012, based upon FIS/Chex' recent wrongful conduct, MicroBilt moved for leave to amend the Second Adversary Proceeding to add an additional claim for violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362.[6]  Therein, MicroBilt alleged that, following its victory on the Assumption Motions (which are the subject of Chex' Appeal), in an effort to obtain a negotiating advantage, Chex violated the automatic

---

[5] See "Fidelity National Information Services, Inc. and Chex Systems, Inc.'s Motion to Dismiss Adversary Complaint" (excerpts) (emphasis altered) (highlighting added), a true and correct copy of which is attached to this memorandum as **Exhibit "B."**

[6] See MicroBilt Corporation's "Motion for Leave to File a Second Amended Complaint (Adding Additional Violation-of-the-Automatic-Stay Claims) Against Defendants Fidelity National Information Services, Inc. and Chex Systems, Inc." and accompanying papers, true and correct copies of which are collectively attached to this memorandum as **Exhibit "C."**

stay at FIS' direction.  Without limitation, Chex (1) refused to sign up new MicroBilt end users unless MicroBilt provided the addresses of those end users; (2) unilaterally shut down between June 25, 2012 and July 13, 2012 MicroBilt's testing account (used by MicroBilt in the process of setting up new end users and to test and develop products and system changes); (3) represented that it was limiting MicroBilt's access to employees of FIS/Chex to discuss routine business needs arising under the parties' executory contract; and most significantly (4) provided new communications specifications (which govern the nature and format of the data sold by FIS/Chex to MicroBilt), to take effect in the near future, that would in effect terminate that contract.  In its proposed amended pleading in the Second Adversary Proceeding, MicroBilt alleges that "Chex has taken the position that, unless MicroBilt acquiesced in these new communications specifications, MicroBilt could not receive the pricing <u>set forth by the Court in its ruling on the Assumption Motions</u>." (Emphasis added.)

Similarly, in the Second Adversary Proceeding as it presently stands, MicroBilt alleges that FIS/Chex directed Certegy Ltd. to cease performing under a United Kingdom agreement in order to obtain a negotiating advantage in connection with the disputes that eventuated in the Assumption Motions.[7]

In sum, the Motions to Withdraw the Reference (and the Adversary Proceedings that underlie them), and the Appeal are related proceedings for purposes of Rule 42(a) and Local Rule 40.1.  The instant Motion should be granted.

## **CONCLUSION**

For the foregoing reasons, the instant Motion should be granted in its entirety.  At a bare minimum, for judicial efficiency/economy reasons, and to eliminate the risk of inconsistent

---

[7] A copy of MicroBilt's current Complaint in the Second Adversary Proceeding was attached to MicroBilt's opening brief as Exhibit C.

-6-

decisions, the Motions to Withdraw the Reference should be consolidated, and the Appeal should be assigned to the same jurist deciding the Motions to Withdraw the Reference.

Dated: <u>Monday, August 13, 2012</u>     Respectfully submitted,

                                        SHERMAN, SILVERSTEIN, KOHL,
                                      ROSE & PODOLSKY, P.A.

                          By:     /s/ Bruce S. Luckman
                                  Bruce S. Luckman
                                  Michael Dube
                                  308 Harper Drive, Suite 200
                                  Moorestown, NJ 08057
                                  Telephone: 856-662-0700
                                  Facsimile: 856-488-4744

                                  *Attorneys for MicroBilt Corporation*
                                  *and CL Verify, LLC*