UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————

| | |
|---|---|
| | : |
| | : |
| MICROBILT CORPORATION | : |
| | : |
| | : |
| Plaintiff, | :          Civil Action No. 12-3861 (JAP) |
| | : |
| v. | : |
| | :          **OPINION** |
| FIDELITY NATIONAL INFORMATION | : |
| SERVICES, et al. | : |
| | : |
| | : |
| Defendants. | : |

—————————————————————

PISANO, District Judge.

Defendants Fidelity National Information Services, Inc. ("FNIS") and Chex Systems,

Inc.[1] ("Chex" and, together with FNIS, the "Defendants") initiated this action seeking an order

withdrawing the reference of adversary proceeding captioned as Adv. Pro. No. 11-02488-MBK

(the "Adversary Proceeding"), from the United States District Court for the District of New

Jersey to the United States Bankruptcy Court for the District of New Jersey pursuant to 28

U.S.C. § 157(d), Fed. R. Bankr. P. 5011, and D.N.J. LBR 5011-1.  Presently before the Court is a

motion by MicroBilt Corporation ("MicroBilt") and CL Verify, LLC[2] to consolidate this matter

with *Chex Systems, Inc. v. MicroBilt Corp.*, Civil Action No. 12-4132 (MAS) and *MicroBilt*

*Corp. v. Fidelity National Information Svcs., Inc.*, Civil Action No. 12-4606 (FLW).  This

Opinion addresses both motions.  For the reasons below, both motions are denied.

———————————

[1] According to MicroBilt, Chex is wholly owned by FNIS.  *See* Pl. Brf. in support of motion to consolidate at 5.
[2] CL Verify LLC, a subsidiary of MicroBilt, is a Plaintiff along with MicroBilt in Civil Action No. 12-4606,
presently pending in this district before Judge Wolfson.

## I. Background

MicroBilt and Chex are consumer reporting agencies, which is defined by the Fair Credit Reporting Act as "any person which … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a. MicroBilt is also a reseller of consumer credit information. Both are parties to an Information Resale Agreement ("Resale Agreement") dated August 26, 2009.

On March 18, 2011, MicroBilt filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. In that pending bankruptcy matter, Case No. 11-18143-MBK, with respect to the Resale Agreement, Chex filed a "Motion for an Order (I)(A) Compelling Assumption Or Rejection Of Executory Contract With The Debtor And (B) Directing Performance And Payment Of Post-Petition Amounts Due Thereunder; or, In The Alternative, (II) Granting Relief From The Automatic Stay," and MicroBilt filed a "Motion … For An Order Pursuant To 11 U.S.C. §§ 105(A) and 365(A) and (B) Authorizing The Debtor To Assume Executory Contract And Cure Pre-Petition Defaults" (the "Assumption motions") Bankruptcy Docket No. 46, 67. The motions were filed April 5, 2011 and April 21, 2011, respectively. An extensive discovery period overseen by the Bankruptcy Judge followed, and culminated in a four-day hearing held on January 26-27 and February 2-3, 2012. A final order on the motions was entered on the motions on May 17, 2012. Bankruptcy Docket No. 431. Certain issues were resolved in MicroBilt's favor, but the Bankruptcy Court found MicroBilt to be in default of the Resale and specified the terms of the cure MicoBilt must provide Chex in order to assume the Resale Agreement. Chex has appealed that order to the District Court, and that appeal is presently pending before Judge Shipp. See Civil Action No. 12-4132 (MAS).

On October 18, 2011, MicroBilt commenced an adversary proceeding (No. 11-2488) against FNIS and Chex.     MicroBilt alleges claims of tortious interference, trade libel and disparagement.  The claims are based upon allegations that FNIS and Chex accused MicroBilt of "data caching,"[3] and as a result allegedly defamed MicroBilt's reputation in the industry and tortiously interfered with MicroBilt's business endeavors, including allegedly preventing a potential investor from investing in MicroBilt.  On November 18, 2011, the defendants filed their motion to dismiss the adversary complaint.  It appears from the Bankruptcy Court's docket that the motion was denied, at least in part, but Plaintiff was given thirty days to file an amended complaint.  An amended complaint was filed and defendants have answered.  *See* Docket Text Entry dated 3/1/12.

On February 16, 2012, MicroBilt and its subsidiary CL Verify commenced an adversary proceeding (12-1167) in which they have asserted claims of tortious interference against FNIS, Chex and Certegy UK Ltd. ("Certegy").  The plaintiff assert that these defendants directed Certegy to stop providing support in the UK under certain agreements between Certegy and CL Verify.  The plaintiffs in this adversary action also allege that defendant's conduct violated the automatic stay.  Defendants moved to dismiss the complaint, which motion was denied in all material respects.  Plaintiffs subsequently filed an amended complaint, and recently obtained leave to file a second amended complaint.  *See* Docket Text Entry dated 9/10/12 (granting motion to file second amended complaint).

## II.  Motion to Consolidate

Plaintiff seeks consolidation of Civil Action No. 12-3681 (JAP) (seeking to withdraw reference re: Adv. Proc. No. 11-2488), Civil Action No. 12-4606 (FLW) (seeking to withdraw

---

[3] According to Plaintiff, "data caching" is the wrongful storage and re-use of consumer credit information.  Pl. Brf. at 5.

reference re: Adv. Proc. 12-1167), and Civil Action No. 12-4132 (MAS) (bankruptcy appeal). FNIS and Chex oppose the motion.

B.  Legal Standard

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions."  Fed. R. Civ. P. 42. However, while a "prerequisite" for consolidation is a "common question of law or fact shared by all of the cases," the mere presence of common issues does not require consolidation.  *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998).  Rather, "[t]he decision to consolidate rests in the sound discretion of the district court."  *Id.*  "In exercising its discretion, a court should weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice."  *Id.* (internal quotation marks omitted)  The burden is on the moving party to of show that consolidation is appropriate.  *Id.*

C.  Analysis

The Court agrees with Defendants that the movants have not shown that consolidation is warranted here and declines to exercise its discretion to consolidate the cases.  While there is some overlap of parties, none of the three actions appear to arise from the same transaction or involve the same questions of law or fact.  The two adversary proceedings, for example, were brought against different parties and arise out of different occurrences.  The first adversary proceeding generally arises out of allegations that Chex accused Microbilt of data caching.  The second adversary proceeding generally aries out of allegation that FNIS and Chex caused Certegy to stop providing support under certain contracts.  While MicroBilt alleges that a common thread, at least between the adversary proceedings, is that an underlying disagreement

between the parties "drove the alleged bad acts" by Defendants, the fact remains that the acts alleged are separate bad acts that raise separate factual issues.

Nor is the court persuaded by MicroBilt's argument that the motions to withdraw the adversary proceedings involve the "*exact same question of law*," (emphasis in original) namely, whether "the District Court [should] withdraw the reference of the adversary proceedings presently before the Bankruptcy Court."  Reply Br. at 2.  Indeed, *every* motion to withdraw the reference filed in any court at any time involves the question of whether the reference should be withdrawn.

Finally, movants have not established that the appeal (Civil Action No. 12-4132 (MAS)), involving issues of law relating to the Assumption motions, shares any issues of law or fact with the adversary proceedings.  As such, the motion for consolidation is denied.

## II.  Motion to Withdraw Reference

Defendants FNIS and Chex have moved to withdraw the reference with respect to the Adversary Proceeding asserting that the adversary proceeding involves certain "non-core" claims that the Bankruptcy Court does not have the constitutional authority to adjudicate.  They further argue that the reference should be withdrawn to promote judicial efficiency and uniformity in the administration of the litigation, to foster the economical use of the parties' and courts' resources, and to reduce forum shopping and confusion.  MicroBilt opposes the motion contending that permitting the Bankruptcy Court to adjudicate the claims will promote uniformity and judicial efficiency and reduce forum shopping.

## A.  Legal Standard

As a general matter, district courts have jurisdiction over all matters arising under the Bankruptcy Code or arising in or relating to a bankruptcy case, but may refer such matters to the

bankruptcy court.  *See* 28 U.S.C. § 1334.  In this district, these cases are automatically referred pursuant to a Standing Order dated July 23, 1984.  *See* 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.")

Section 157(d) of Title 28 of the United States Code provides that the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  Section 157 does not define "cause," but "courts in the Third Circuit and elsewhere have articulated a number of factors for the District Court to consider including whether the proceeding is core or non-core, judicial efficiency, uniformity and economy, and discouraging forum shopping."  *Shalom Torah Ctrs. v. Philadelphia Indem. Ins. Companies*, Civ. No. 10-6766, 2011 WL 1322295 at *1 (D.N.J. March 31, 2011); *see also In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir.1990).  Notably, "proceedings should not be withdrawn for the sole reason that they are non-core."  *In re Chet Decker, Inc.*, 2006 U.S. Dist. LEXIS 77091, at *7 (D.N.J. 2009).  Rather, "the 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy."  *Id.* (citations and quotations omitted).

Just as this Court concluded in its recent Order[4] relating to another motion to withdraw the reference with respect an adversary proceeding arising from the same bankruptcy case, the Court finds that the interests of justice favor not withdrawing the reference.  The Bankruptcy Court has familiarized itself with the parties, their relationships and their various disputes and is uniquely situated to address the outstanding issues in this case, as well as to manage issues

---

[4] *See* Civil Action 12-2902.

related to discovery and any potential settlement discussions.  Enabling the Bankruptcy Court to continue to preside over this case will "guarantee, to the utmost extent possibility, uniformity and expeditiousness, will reduce any confusion that this Court may interject into the case at this juncture, will preserve the parties' resources, and will promote the bankruptcy appellate process." *Nickels Midway*, 2010 U.S. Dist. LEXIS 7366, at *14-15 (finding that motion to withdraw should be denied because the bankruptcy court was already familiar with the parties, their relationships, their financial statuses and their myriad disputes and was therefore in the best position to adjudicate the issues); *Jamuna Real Estate, L.L.C. v. Bagga*, 2007 U.S. Dist. LEXIS 4559, at *9-10 (E.D. Pa. 2007) (rejecting motion to withdraw non-core proceedings because of "the Bankruptcy Court's broad familiarity with the issues surrounding Defendants' bankruptcy . . . and the fact that the outcome of the adversary action is likely to impact the administration of the bankrupt estates").

The Court is aware of Defendants' concern that the Bankruptcy Court does not have the constitutional authority to finally adjudicate the claims in the Adversary Proceeding.  It is not necessary to decide the issue at this time, however, because even if the District Court ultimately must adjudicate the matter, the Bankruptcy Court is currently in the best position to preside over the Adversary Proceeding and resolve motions and discovery disputes until such time as the case is ready for final adjudication.  *See, e.g., Chet Decker,* 2006 U.S. Dist. LEXIS 77091, at *7-8 ("[E]ven when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial."); *Perkins v. Verma*, 2011 U.S. Dist. LEXIS 124793, at *14-16 (D.N.J. 2011) (denying motion to withdraw the reference and granting leave to re-file after the Bankruptcy Court resolved all discovery and pre-trial

matters).   Accordingly, the Court finds that the motion to withdraw the reference should be denied without prejudice.  If, after the Bankruptcy Court has resolved all discovery and pre-trial issues, there are remaining claims over which the Bankruptcy Court lacks authority, Defendants may then move to withdraw the reference under a new civil action number.

Accordingly, the Court denies the motion to withdraw the reference without prejudice. An appropriate Order accompanies this Opinion.


/s/ Joel A. Pisano
JOEL A PISANO, U.S.D.J.

Dated:  October 15, 2012